1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

11  GERROD L. HERNDON,                    )  Case No.: 1:16-cv-00379 JLT (PC)
                                          )
12              Plaintiff,                )  **ORDER DISMISSING COMPLAINT WITH**
                                          )  **LEAVE TO AMEND**
13       v.                               )
                                          )
14  STATE SUPREME COURT CALIFORNIA,       )
                                          )
15              Defendant.                )
                                          )
16  _____

17         Gerrod Herndon claims the trial court imposed a sentence that was too harsh after he was

18  convicted of an unknown crime. Because this claim fails to state a cause of action, the Court

19  **ORDERS** that Plaintiff's complaint be **DISMISSED with leave to amend.**

20  **I.       SCREENING REQUIREMENT**

21         Because Plaintiff is seeking redress from governmental employees in a civil action, the Court

22  is required to screen his complaint in order to identify cognizable claims.  28 U.S.C. § 1915A(a)-(b).

23  The Court shall "dismiss the complaint, or any portion of the complaint, if the complaint (1) is

24  frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary

25  relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); 28 U.S.C. §

26  1915(e)(2)(B)(i)-(iii).

27  **II.      COMPLAINT**

28         Plaintiff's complaint fails to provide any explanation for the basis for this litigation other than

1

1   "use enhancement to push extra time in custody" and "the government (unintelligible) sentenced to far

2   to much time. Disrespect and made mockery out of me.  Modern day slavery."  (Doc. 1 at 1, 3)  As

3   relief he states, "Really should not be hurt. Restore to original form. Vacate all future custody matters.

4   Money for damages, etc."  Id. at 3.

5   **III.     PLEADING STANDARDS**

6         **A.     Fed. R. Civ. P. 8(a)**

7      "Pro se documents are to be liberally construed" and "'must be held to 'less stringent standards

8   than formal pleadings drafted by lawyers.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting

9   Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  "[They] can only be dismissed for failure to state a

10  claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim

11  which would entitle him to relief.'"  Id.  Under Federal Rule of Civil Procedure 8(a), "[a] pleading that

12  states a claim for relief must contain: (1) a short and plaint statement of the grounds for the court's

13  jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to

14  relief; and (3) a demand for the relief sought."  Fed. R. Civ. P. 8(a).  Each allegation must be simple,

15  concise, and direct. Fed. R. Civ. P. 8(d)(1).   While a complaint "does not need detailed factual

16  allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more

17  than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

18  do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations

19  omitted).

20         In analyzing a pleading, the Court sets conclusory factual allegations aside, accepts all non-

21  conclusory factual allegations as true, and determines whether those non-conclusory factual

22  allegations accepted as true state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556

23  U.S. 662, 676-684 (2009).  "The plausibility standard is not akin to a probability requirement, but it

24  asks for more than a sheer possibility that a defendant has acted unlawfully."  (Id. at 678) (internal

25  quotation marks and citation omitted).  In determining plausibility, the Court is permitted "to draw on

26  its judicial experience and common sense." Id. at 679.

27         Here, Plaintiff fails to set forth any factual allegations that would give rise to this Court's

28  jurisdiction.  The fact that he disagrees with the length of his criminal sentence is not actionable in this

1   forum.   Rather, he must file a direct appeal and could file collateral attacks on the sentence via

2   petitions for habeas corpus but may file such an action in this court **only if** he has exhausted all

3   remedies provided in state court.   Then, he may raise only claims arising under federal law in this

4   court.  Thus, Plaintiff has failed to state a claim and the complaint must be dismissed.

5   **B.  42 U.S.C. § 1983**

6   Though Plaintiff does not cite to 42 U.S.C. § 1983–or any other statute under which he seeks to

7   proceed—under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights

8   protected by the Constitution or created by federal statute, and (ii) that the violation was proximately

9   caused by a person acting under color of state law. *See* Crumpton v. Gates, 947 F.2d 1418, 1420 (9th

10   Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a

11   defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act

12   which he was legally required to do that caused the deprivation complained of. Arnold v. IBM, 637

13   F.2d 1350, 1355 (9th Cir. 1981) (*quoting* Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).

14   Presuming Plaintiff intends to proceed under this statute, generally, a state agency is not a

15   "person" under 42 U.S.C. § 1983.[1] Flint v. Dennison, 488 F.3d 816, 825 (9th Cir. 2007).  The Eleventh

16   Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state

17   agency, unless the state consents to the suit. *See* Dittman v. California, 191 F.3d 1020, 1025-26 (9th

18   Cir. 1999) ("In the absence of a waiver by the state . . . under the [E]leventh [A]mendment, agencies

19   of the state are immune from private damage actions or suits for injunctive relief brought in federal

20   court.") (internal quotations omitted).  Similarly, suing a state official in his or her official capacity is

21   analogous to suiting the state itself. Flint v. Dennison, 488 F.3d 816, 825 (9th Cir. 2007)(*quoting* Will

22   v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).

23   Plaintiff brings suit against the California Supreme Court, a state agency, which is immune

24   from suit under the Eleventh Amendment. *See e.g.,* Allen v. California Dep't of Corr. & Rehab., Case

25   Number 109-CV-00767-AWI-GSA, 2009 WL 4163510, at * 5 (E.D. Cal. 2009) *report and*

26   *recommendation adopted*, Case Number 109-CV-00767-AWI -GSA (PC), 2009 WL 5197855 (E.D.

27

28   [1]A narrow exception to this rule permits a litigant to seek injunctive or declaratory relief against a state official. Flint, 488 F.3d at 825.  Given that Plaintiff seeks monetary damages, (Doc. 1 at 3), this exception is inapplicable to the matter at bar.

1  Cal. 2009) (CDCR held immune from § 1983 suit).  Thus, Plaintiff's claims are **DISMISSED.**

2  **IV.    LEAVE TO AMEND**

3  Though the Court has serious doubts whether Plaintiff can state a claim, it will provide him a

4  <u>final</u> opportunity to amend his pleading to cure the deficiencies noted in this order.  <u>See</u> <u>Noll v.</u>

5  <u>Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his

6  or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured

7  by amendment.") (internal quotations omitted).  In his first amended complaint, **Plaintiff must**

8  **address the deficiencies noted here. Plaintiff is advised that his failure to do so will result in an**

9  **order dismissing this action.**

10  Plaintiff is cautioned that in his first amended complaint, he may not change the nature of this

11  suit by adding new, unrelated claims in his amended complaint.  <u>See</u> <u>George v. Smith</u>, 507 F.3d 605,

12  607 (7th Cir. 2007) (no "buckshot" complaints).  Plaintiff is also advised that once he files his second

13  amended complaint, his original pleadings are superceded and no longer serve any function in the

14  case.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, the first amended complaint must be

15  "complete in itself without reference to the prior or superceded pleading."  Local Rule 220.  "All

16  causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint

17  are waived."  <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

18  Finally, the first amended complaint, including any attached documents, **SHALL NOT exceed**

19  **20 pages.**  The first amended complaint **SHALL** contain a plain and concise statement of facts in

20  compliance with Fed. R. Civ. P. 8(a).

21  **ORDER**

22  In accordance with the foregoing, it is **HEREBY ORDERED** that:

23  1.     The complaint is **DISMISSED with leave to amend;**

24  2.     Plaintiff is **GRANTED <u>21 days</u>** from the date of service of this Order to file a first

25  amended complaint attempting to cure the deficiencies identified by the Court in this

26  screening order.

27  3.     The Clerk of the Court is DIRECTED to send Plaintiff the form complaint for use in a

28  civil rights action; and

1      4.     **Plaintiff is cautioned that his failure to comply with this Order will result in a**

2     **recommendation that this action be dismissed**.

3

4   IT IS SO ORDERED.

5      Dated:     **March 24, 2016**            **/s/ Jennifer L. Thurston**

6                                              UNITED STATES MAGISTRATE JUDGE