# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERROD L. HERNDON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE SUPREME COURT CALIFORNIA,<br><br>　　　　Defendant. | Case No.  1:16-cv-00379-JLT (PC)<br><br>**ORDER DISMISSING ACTION FOR PLAINTIFF'S FAILURE TO OBEY A COURT ORDER AND TO STATE A COGNIZABLE CLAIM**<br><br>**(Doc. 9)** |

　　　　Gerrod Herndon claims the trial court imposed a sentence that was too harsh for the crime of which he was convicted. Because it appeared that Plaintiff's claims are bared by *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994), on June 23, 2016, the Court dismissed the First Amended Complaint and granted Plaintiff one last opportunity to cure the defects in his pleading within twenty-one days. (Doc. 9.) Nearly double the allotted time has passed without a response from Plaintiff.

　　　　The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel, or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice,

based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Plaintiff was warned that his failure to comply with the order dismissing the First Amended Complaint with leave to amend would result in dismissal for failure to obey a court order and failure to state a claim. (Doc. 9.) Dismissal is thus appropriate.

Accordingly, it is HEREBY ORDERED that this action is DISMISSED, because of Plaintiff's failure comply with the Court's order that issued on June 23, 2016 and for failure to state a claim.

IT IS SO ORDERED.

Dated:     **August 5, 2016**                         **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE